**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED
OCT 30 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

FILED
AUG 21 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE E. LANKFORD,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA; DIRK KEMPTHORNE[*]; U.S. DEPARTMENT OF INTERIOR,<br><br>    Defendants - Appellees. | No. 04-35555<br><br>D.C. No. CV-02-00247-A-RRB<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted July 24, 2006
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

Plaintiff Steve Lankford challenges the Interior Board of Land Appeals'

(IBLA) determination that he forfeited five unpatented mining claims. The IBLA

---

[*] Dirk Kempthorne is substituted for his predecessor, Gale A. Norton, as Secretary of the Department of the Interior, pursuant to Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

based its decision on the lack of any record that the appropriate Bureau of Land Management (BLM) office received Lankford's 1995 annual claim maintenance fee before the applicable deadline.

**1.** Federal mining statutes effective in 1995 specified that a "failure to pay" the fee by the deadline "conclusively constitute[ed] a forfeiture" of the claim. 30 U.S.C. §§ 28f, 28i (1994). The statutes directed the Secretary of the Interior to promulgate regulations to carry out the fee provisions. *Id.* § 28k. Pursuant to this authority, BLM regulations specified that the agency must *receive* maintenance fees by the due date or, if the fee payment was contained in an envelope postmarked by the due date, within fifteen days after the due date. 43 C.F.R. § 3833.0-5 (1995).

Lankford maintains that this regulation is not controlling because it appears in a part of the regulations headed "Definitions." But the sentence specifying the receipt requirement explicitly applies to "a . . . fee" as well as to "a filing," and so is in addition to the definition of "file" and "filed" that appears in the previous sentence. The IBLA's interpretation of the regulation is not arbitrary or capricious, and is not inconsistent with the statute. Lankford's deposit of the charge authorization in the mail therefore did not fulfill the annual claim maintenance fee requirement.

**2.** The IBLA was not arbitrary or capricious in failing to rely on the common law mailbox rule to afford Lankford an evidentiary presumption that the BLM did receive his charge authorization before the deadline. Longstanding IBLA practice treats the presumption of regularity in the BLM's operations as negating the mailbox rule. *E.g., Bernard S. Storper*, 60 IBLA 67, 70-71 (1981). This court has previously recognized that the presumption of regularity can overcome a claimant's evidence of mailing if the BLM's records fail to indicate that a filing has been received. *Red Top Mercury Mines, Inc. v. United States*, 887 F.2d 198, 202-03 (9th Cir. 1989). The IBLA reasonably concluded that, far from superseding the presumption of regularity, using certified mail but receiving no return receipt "makes it more probable than not that the item was never delivered."

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

OCT 2 6 2006

by: _____
       Deputy Clerk